**HORMEL v. UNITED STATES.**

United States District Court
S. D. New York.

May 5, 1951.

Nathaniel F. Bedford, New York City, for plaintiff and for petitioner for intervention.

Irving H. Saypol, U. S. Atty., New York City (William F. Passannante, Asst. U. S. Atty., New York City, of counsel), for the United States.

———◆———

S. H. KAUFMAN, District Judge.

This is a motion, pursuant to Rule 24(b) (2) [1] of the Federal Rules of Civil Procedure, 28 U.S.C.A., to intervene as a party plaintiff in an action brought under Rule 23(a) (3) [2].

In the original action, instituted on November 30, 1950, plaintiff claims to be acting on behalf of himself and all other persons similarly situated.

The question at issue in the action is the right of the United States to apply dividends declared by the Veterans' Administration on National Service Life Insurance policies against indebtedness incurred by the veteran as a result of the payment

---

[1]. 24 (b). *"Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

[2]. 23. (a) *"Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

by the Administration of premiums and interest on the veteran's commercial life insurance policies.

The applicant for intervention states in support of his motion that he is a member of the class for which the original action was instituted and that there are common questions of law and fact affecting the rights of both parties although the relief sought is different in amount.

Defendant contends that the motion should be denied because to grant it would be permitting a suit against the United States without compliance with 28 U.S.C. § 1402(a)[3], since the moving party is a resident of New Jersey.

The simple requirement of Rule 24(b)(2) that the applicant's claim and the main action have a common question of law or fact has been met. It does not appear that if the application were granted the original parties would be unduly prejudiced. There remains only the question of whether or not the court may order intervention in view of the venue requirements of § 1402(a).

The authority to institute a suit against the United States in the event of a disagreement regarding a claim arising out of a contract of insurance with the Veterans' Administration is given by 38 U.S.C.A. §§ 445 and 817. § 817 makes § 445 applicable to suits upon claims made in connection with National Service Life Insurance. 38 U.S.C.A. § 445 provides: "In the event of disagreement as to claim * * * under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the district court of the United States for the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides * * *." This section has been construed as permitting intervention. Marsh v. United States, 4 Cir., 1938, 97 F.2d 327.

In Anderson v. John L. Hayes Construction Co., 1926, 243 N.Y. 140, 147, 153 N.E. 28, 29, Judge Cardozo stated: "The exemption of the sovereign from suit involves hardship enough where consent has been withheld. We are not to add to its rigor by refinement of construction where consent has been announced." That quotation is pertinent to the problem presented in this case. Furthermore, it would be illogical to hold that in a class suit, where independent grounds of jurisdiction are not required, all parties would have to meet the venue provisions. See 4 Moore, Federal Practice 148 (2d Ed. 1950): "And where the action is a class suit, whether true, hybrid or spurious, venue should not be a barrier to intervention by other members of the class, even though intervention is permissive. Independent grounds of federal jurisdiction are not required in such a case, and the same should be true as to venue; particularly in the spurious class suit, if the class action is to serve its purpose venue objections to intervention cannot be sustained."

Motion granted; settle order on notice.

---

3. § 1402. *"United States as defendant.* (a) Any civil action against the United States under subsection (a) of Section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides."