Herman HORMEL, Jr., on behalf of himself and all others similarly situated, Plaintiff,

Charles H. Stilson, Jr., Plaintiff-Intervener,

v.

UNITED STATES of America, Defendant.

United States District Court, S. D. New York.

March 30, 1955.

Nathaniel F. Bedford, New York City, for plaintiff and plaintiff-intervener.

Edward Lumbard, U. S. Atty., for the Southern Dist. of New York, New York City, for United States, George C. Mantzoros, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Plaintiffs have obtained a decision of this court that the Government may not recover from servicemen amounts paid by the Government under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.Appendix, § 501 et seq., to prevent lapse of the servicemen's life policies. D.C., 123 F.Supp. 806. Judgment has not been entered. Plaintiffs say that they are faced with an appeal by the Government. The amounts involved in the respective claims are but $428.77 and $398. Plaintiffs move for an order "directing that appropriate steps be taken to notify all other persons similarly situated to the plaintiff to intervene in this action."

The action was brought by plaintiff Hormel pursuant to Rule 23(a)(3), F.R. C.P., 28 U.S.C. "on behalf of himself and all others similarly situated" to recover an amount withheld from the 1948 special dividend on his National Service Life Insurance Policy. The amount was withheld on the theory that the Government had an offset in that sum because of a payment on plaintiff's behalf to the New York Life Insurance Company to prevent the lapse of a policy in that company held by plaintiff. Plaintiff Hormel was later joined by plaintiff Stilson pursuant to leave, D.C., 11 F.R.D. 376. These plaintiffs, for manifest reasons, would like others to join them and share in the defense of the appeal.

While the Government makes an assertion to the contrary, I can see nothing wrong about the plaintiffs' circularizing all others who have similar claims against the Government. What plaintiffs ask, however, is that the Government be directed by the court to do the circularizing or, at the least, furnish particulars as to other servicemen whose admitted claims against the Government have been reduced by the set off of claims against them for payments made by the Government to prevent the lapsing of their private insurance policies.

Plaintiffs cite, as authority for granting the relief asked, York v. Guaranty Trust Co., 2 Cir., 143 F.2d 503, at page 529. There Judge Frank said in a case like this:

"Since, in a class suit under clause (3), a judgment will not be res judicata for or against those of the class who do not intervene, we suggest that if, after trial, the court finds against the defendant, appropriate steps be taken to notify all such noteholders to intervene (if they have not theretofore done so), judgment to be entered in favor only of those who do so within a reasonable time."

I think that the York case goes no farther than to substantiate my view that plaintiffs here could, with propriety, circularize others similarly situated and ask them to intervene in the suit. Judge Frank did not indicate that, if the names of others whose situations were similar to that of the plaintiffs were unknown to them, the defendant could be required to furnish the names and addresses.

It may be argued that the rights of hundreds of servicemen may be lost if plaintiffs cannot afford to adequately resist the appeal and cannot ascertain the names of others who might contribute to the cost. It may also be argued that the rights of hundreds of servicemen may become bound by the Statute of Limitations unless plaintiffs can obtain their names so as to warn them. The natural answer to those arguments would be that these plaintiffs are not their brothers' keepers. Can they constitute themselves their brothers' keepers by bringing an action on their behalf? Only on such a theory could one support the right here asserted.

If litigants are to be given any such novel and revolutionary right courts should be authorized by statute or court rule to accord it. While there is no indication of anything of the sort here, I ought not to shut my eyes to the extent of the possible abuse of such a right. The possibility of abuse of the right is so extensive as to argue against the very existence of the right.

Motion denied.