Michael A. Katz, Asst. U. S. Atty., Washington, D.C., for defendants.

Clifton C. **BAKER** et al., Plaintiffs,

v.

**UNITED STATES** et al., Defendants.

Civ. A. No. 74–939.

United States District Court, District of Columbia, Civil Division.

Feb. 26, 1975.

## MEMORANDUM AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs are fifteen patrol boat captains and engineers employed by the United States Army to patrol the water areas in the vicinity of the Aberdeen Proving Ground, Maryland. They have brought this action, claiming that they are entitled to pay for 8½ hours per day (rather than 8 hours) since they are required to be alert and on duty even on their lunch half-hour. Plaintiffs state that they have exhausted their administrative remedies by petitioning both the Comptroller General and the Secretary of the Army for overtime pay; their claims have been disallowed. The case is before the Court on defendants' Motion to Dismiss or, in the alternative, to Transfer, and on plaintiffs' Motion for Summary Judgment.

Plaintiffs allege two bases for the Court's jurisdiction: 1) the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1970) (A.P.A.); and 2) the Tucker Act, 28 U.S.C. § 1346(a). The District of Columbia Circuit does recognize the A.P.A. as an independent basis of jurisdiction, and has affirmed this most recently in Pickus v. Board of Parole, 507 F.2d 1107 (D.C.Cir.1974). However, 5 U.S.C. § 704 limits judicial review under the A.P.A. to "final agency action for which there is *no other adequate remedy in a court.*" (Emphasis added.) In the present case, the claim is basically one for back pay, and a civil action for monetary damages is certainly available as an adequate remedy. Plaintiffs' action, therefore, cannot be brought under the A.P.A. Armstrong & Armstrong, Inc. v. United States, 356 F.Supp. 514, 520–21 (E.D.Wash.1973); Poirier v. C.I.R., 299 F.Supp. 465, 466 (E.D.La.1969); Richfield Oil Corp. v. United States, 207 F.2d 864, 870–72 (9th Cir. 1953).

Plaintiffs alternatively rely on the Tucker Act, 28 U.S.C. § 1346(a), for this Court's jurisdiction, alleging a contract claim against the United States. Cf. Young v. United States, 498 F.2d 1211, 1215–16 (5th Cir. 1974). Under 28 U.S.C. § 1402(a)(1), however, a civil action against the United States brought under the Tucker Act may be prosecuted only "in the judicial district where the plaintiff resides." None of the exceptions to this provision are applicable here. Thus, for venue purposes, the action should not have been brought in this Court, but in the Court of Claims or in the District Court of Maryland, where all plaintiffs reside.

Accordingly, upon consideration of plaintiffs' Motion for Summary Judgment, defendants' Motion to Dismiss or, in the alternative, to Transfer, the briefs filed in support thereof and in opposition thereto, and oral argument having been heard, it is by the Court this 26th day of February 1975

Ordered that plaintiffs' Motion for Summary Judgment be, and the same hereby is, denied; and it is further

Ordered that defendants' Motion to Dismiss be, and the same hereby is, granted without prejudice.