A. Nicholas DAVILA, et al., Plaintiffs,

v.

Caspar W. WEINBERGER, et al., Defendants.

Civ. A. No. 83–3910.

United States District Court, District of Columbia.

Jan. 3, 1985.

---

Edward J. Hickey, Jr., Thomas A. Woodley, Mulholland & Hickey, Washington, D.C., for plaintiffs.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND TRANSFER ORDER

THOMAS F. HOGAN, District Judge.

The plaintiffs in this case are, or were at all times pertinent to this action, employed as firefighters by the federal government. Originally, this action was brought by only eight federal firefighters, none of whom reside in the District of Columbia. Since the filing of the complaint, over 2500 other federal firefighters, including individuals from almost every state as well as three firefighters from the District of Columbia, have submitted written consents to become party plaintiffs pursuant to Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). The plaintiffs seek declaratory, injunctive and monetary relief, as well as an order in the nature of mandamus, for alleged violations of the FLSA, 29 U.S.C. § 201, *et seq.* Plaintiffs allege that they were wrongfully denied overtime pay under the FLSA for overtime hours that they were normally and regularly scheduled to work when they were absent due to jury duty, military duty, sick leave, or annual leave.

Presently, this case is before the Court on defendants' motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Upon consideration of defendant's motion, plaintiffs' opposition, and the applicable statutory provisions, this Court concludes that this action should be transferred to the United States Claims Court.

### Background

The Tucker Act, as amended by the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, grants concurrent jurisdiction to the district courts and the Claims Court over non-tort claims for money damages brought against the

United States "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2).[1] With respect to venue, the Tucker Act provides that when an action is brought in a federal district court as opposed to the Claims Court, venue is proper only in the district "where the plaintiff resides." 28 U.S.C. § 1402(a)(1).

Defendants' motion to dismiss contends that the venue provision of the Tucker Act is the only venue statute applicable in this case. Defendants assert that although plaintiffs also bring claims for declaratory and equitable relief, the true nature of the claims is for money damages, with the Tucker Act controlling. Defendants further argue that the filing of consents by three residents of the District of Columbia to become party plaintiffs is insufficient to bring the claims of the District of Columbia residents themselves before this Court, and in any event does not establish venue in this district with respect to the claims of the other firefighters.

Plaintiffs oppose defendants' motion to dismiss on several grounds. Plaintiffs assert that their claims are not purely claims for money damages and should therefore not be controlled by the venue provisions of the Tucker Act. Instead, plaintiffs contend that the general venue provision for claims against the United States, 28 U.S.C. § 1391(e), should be applied in this case. Plaintiffs further argue that even if the venue provisions of the Tucker Act are found controlling, venue should nevertheless be found proper in this Court. Plaintiffs urge this Court to interpret § 1402(a)(1) to place venue under the Tucker Act where *any* plaintiff resides. Accordingly, plaintiffs assert that the District of Columbia residents have properly joined as plaintiffs in this action by filing consent forms sufficient under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and that venue in this district should therefore be found proper as to all non-resident plaintiffs as well. Plaintiffs suggest that such an interpretation of the Tucker Act would comport with judicial interpretation of another similarly worded venue provision, avoid the waste of judicial resources that would be created by the multiplicity of actions in different districts throughout the country, and allow the plaintiffs to pursue forms of relief unavailable in the Claims Court.

### Applicability of the Tucker Act's Venue Provisions

The initial issue that must be addressed by this Court is whether the venue provision of the Tucker Act, 28 U.S.C. § 1402(a)(1), controls the determination of proper venue in this case. Resisting the defendants' attempt to characterize this action as one arising exclusively under the Tucker Act, plaintiffs note that the Complaint also seeks declaratory and injunctive relief, as well as relief in the nature of a writ of mandamus. Plaintiffs proffer that as the result of their seeking remedies other than monetary damages, the general venue provision allowing actions against the United States, its agencies or its officials to be brought in this district, 28 U.S.C. § 1391(e), should prevail over the venue provision of the Tucker Act.

This Court might well suffice to hold that the venue provision of the Tucker Act controls this case simply by virtue of the axiom that specific venue provisions take precedence over general venue provisions. *See Bruns, Nordeman & Co. v. National Bank & Trust Co.,* 394 F.2d 300 (2d Cir.), *cert. denied,* 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). Nevertheless, this Court finds that an examination of the nature of plaintiffs' claims also clearly war-

---

**1.** Jurisdiction in this Court is proper given that plaintiffs have waived damages in excess of $10,000 with respect to each of the four separate claims for overtime pay. *E.g., Goble v. Marsh,* 684 F.2d 12 (D.C.Cir.1982) (backpay claims against Government potentially in excess of $10,000 may be maintained in district courts so long as claims in excess of $10,000 waived);

*Fitzgerald v. Staats,* 429 F.Supp. 933, 935 (D.D.C. 1977) (where plaintiff has two or more claims for $10,000 or less which aggregate more than $10,000, claims may nevertheless be litigated in district court), *aff'd* 578 F.2d 435 (D.C.Cir.), *cert. denied,* 439 U.S. 1004, 99 S.Ct. 616, 58 L.Ed.2d 680 (1978).

rants applicability of the Tucker Act despite plaintiffs' attempt to carve an exception to this axiom.

■ Courts construing the jurisdictional provisions of the Tucker Act that grant the district courts and the Claims Court concurrent jurisdiction over most non-tort monetary claims against the United States under $10,000, while reserving for the Claims Court alone actions for $10,000 or more, have firmly established that the exclusive jurisdiction of the Claims Court cannot be evaded by filing a complaint in district court which seeks to couple injunctive, mandatory, or declaratory relief against governmental officers with a claim for money damages. *See e.g., Jesko v. United States,* 713 F.2d 565, 566 (10th Cir.1983) (where money damages as well as declaratory, injunctive and mandatory relief requested in connection with alleged wrongful cancellation of emergency disaster loans, essentially claim for monetary damages in excess of $10,000 vesting jurisdiction in Court of Claims); *Cook v. Arentzen,* 582 F.2d 870, 878 (4th Cir.1978) (to allow action seeking declaratory, mandatory and injunctive relief arising from allegedly wrongfully requiring pregnant naval officer to resign commission to be brought in district court would improperly create jurisdiction co-extensive with Court of Claims over claims in excess of $10,000).

■ Just as the drafting of the complaint should not be permitted to evade the jurisdictional provisions of the Tucker Act divesting the Claims Court of jurisdiction in

favor of a federal district court where the monetary claim exceeds $10,000, neither should it be permitted to evade the venue provisions of the Act to result in venue in one federal district court as opposed to another district court, or as opposed to the Claims Court, where the claim is for less than $10,000. To the extent that the Complaint in this action seeks declaratory, injunctive and mandatory relief, those requested remedies are inextricably intertwined with plaintiffs' claims for damages. Accordingly, the true nature of this action as a claim for monetary damages, with jurisdiction arising under the Tucker Act, cannot be disguised, and the venue provisions of that Act must be found controlling.[2] *See Kelley v. United States,* C.A. No. 83–2294, mem. op. at 3 (D.D.C. May 21, 1984) (claim for declaratory and injunctive and monetary relief for alleged violations of FLSA in actuality claim for monetary damages under Tucker Act, requiring claim to be brought in conformity with venue provisions of that act) (citing *Denton v. Schlesinger,* 605 F.2d 484 (9th Cir.1979)); *Cook v. Arentzen,* 582 F.2d 870 (4th Cir. 1978).

### *Applying the Venue Provisions of the Tucker Act*

Having determined that the Tucker Act's venue provision is controlling, this Court must next determine the proper construction of that provision.

Defendants initially argue that, even if venue could properly be founded upon the

---

**2.** In actuality, only plaintiffs' claim for a writ of mandamus under 28 U.S.C. § 1361 could be argued to place venue in this Court. Plaintiffs' claims for monetary damages for alleged violation of the FLSA are strictly Tucker Act claims. Therefore, the general federal question jurisdiction, 28 U.S.C. § 1331, and the commerce clause, 28 U.S.C. § 1337, and their corresponding venue provisions, are not applicable. *See Graham v. Henegar,* 640 F.2d 732 (5th Cir.1981); *Baker v. United States,* 390 F.Supp. 532 (D.D.C. 1975).

With respect to plaintiffs' claim for declaratory relief, the Declaratory Judgment Act provides:

*In a case of actual controversy within its jurisdiction* ... any court of the United States,

upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added). The Declaratory Judgment Act, therefore, merely enlarges remedies available where a court otherwise has jurisdiction, but does not itself confer jurisdiction. *Skelly Oil Co. v. Phillips,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950); *Miller-Wohl Co. v. Commissioner of Labor & Industry,* 685 F.2d 1088, 1090 (9th Cir. 1982); *Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 822–23 (10th Cir.1981). Consequently, it also could not provide an independent basis for venue in this case.

residency of the District of Columbia residents, the District of Columbia firefighters are not themselves proper plaintiffs in this action. Defendants assert that the filing of consent forms in this case by the three District of Columbia residents containing only their name, address, telephone number, social security number and employment, and bearing the individual's signature indicating his consent to be a party plaintiff in this action, is insufficient under Rule 11 of the Federal Rules of Civil Procedure. Therefore, defendants argue that because none of the original eight named plaintiffs are residents of the District of Columbia, venue is clearly improper under the Tucker Act.

Section 16 of the FLSA provides that an action for unpaid wages under the Act

> may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Section 16(b), therefore, provides that in order for the named plaintiffs to bring a class action on behalf of "other employees similarly situated" those other employees must explicitly "opt into" the class in order to be bound by the judgment rendered. In this manner, section 16(b) is distinguishable from class actions otherwise maintained under Rule 23 of the Federal Rules of Civil Procedure, which requires, through its notice provision, that a person explicitly "opt out" of the class in order to avoid being bound by the judgment rendered. *See e.g., Schmidt v. Fuller Brush Co.,* 527 F.2d 532 (8th Cir.1975).

In light of the purpose and effect of section 16(b), this Court finds that additional substantive allegations by those who desire to participate in the action are not necessary for those parties to become prop-

er plaintiffs. Rather, since the purpose of section 16(b) is merely to identify those who will be bound by the judgment rendered in the class action to the extent of any claims they may have, all that is required is the filing of a written consent with the Court. The District of Columbia residents and all other individuals filing consents have complied with this requirement, and are therefore proper plaintiffs in this action.

As an alternative to their argument challenging the joinder of the District of Columbia residents, defendants assert that venue in this district is improper even if those plaintiffs are properly before this Court. Defendants argue that the venue provisions of the Tucker Act should be strictly construed to require residence of all plaintiffs in the particular district. Plaintiffs, on the other hand, urge this Court to construe § 1402(a)(1) to recognize venue as proper in any district where at least one plaintiff resides.

The parties have not cited, and the Court itself has not found any published opinion dealing with the determination of proper venue under the Tucker Act where co-plaintiffs reside in different districts. In resolving this issue, therefore, the Court notes that there are benefits and disadvantages associated with the position of each party. As suggested by the plaintiff, construing § 1402(a)(1) to place venue under the Tucker Act where any plaintiff resides could avoid a multiplicity of suits in federal district courts throughout the United States where, as here, a large number of individuals share essentially identical claims. However, adopting the plaintiffs' interpretation of § 1402(a)(1) would not necessarily avoid the potential burden on judicial resources of a multiplicity of suits since individuals would still not be prohibited from litigating their claims individually, in their own district, if they so desired. Prohibiting plaintiffs from bringing suit in a district where they do not all reside, on the other hand, would not prohibit such individuals altogether from seeking recovery in one action since plaintiffs may file a single lawsuit in

the United States Claims Court without the concerns over venue presented to this Court. *See* 28 U.S.C. § 1491(a). Moreover, as defendants point out, allowing a suit to be brought on behalf of a group of individuals in a federal district court where any one of them resides invites forum shopping, a danger clearly exemplified in a case such as this involving hundreds of plaintiffs from virtually every jurisdiction in the United States.

■ Upon consideration of the statutory scheme embodied in the Tucker Act for the litigation of monetary claims against the United States, and on balancing the consequences of the positions advocated by the parties, this Court concludes that the Tucker Act requires plaintiffs to litigate their claims only in the district in which they individually reside, or in the Claims Court. Considered together, the jurisdictional and venue provisions of the Tucker Act embody Congress' deliberate efforts to channel certain types of cases to the Claims Court (formerly the Court of Claims) while allowing other claims to be heard concurrently by certain district courts. The Tucker Act was intended both to expand the relief available against the United States [3] and to give persons with comparatively small claims against the United States the option

"to bring suits in the districts where they and their witnesses reside without subjecting them to the expense and annoyance of litigating in Washington." *United States v. King*, 119 F.Supp. 398, 403 (D.Alaska 1954) (quoted in 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3657 at 214–15 (1981)). *See also Bates Manufacturing Company v. United States*, 303 U.S. 567, 570–71, 58 S.Ct. 694, 695–96, 82 L.Ed. 1020 (1938).

The venue provision of the Tucker Act, therefore, was deliberately drafted to carve out a narrow exception to the jurisdiction of the Court of Claims (now the Claims Court) in order to eliminate a perceived hardship on the parties. Here, in seeking to establish venue in this Court under the Tucker Act, plaintiffs cannot justify their request on the same concerns perceived as legitimate by Congress. Therefore, given that plaintiffs do not seek to take advantage of the intended benefits of the Tucker Act's venue provision, this Court will not substitute its judgment for that of Congress by creating new procedural benefits for plaintiffs. To the extent plaintiffs desire to pursue their claims together in one action, the Claims Court is the forum available under the structure of the Tucker Act.[4]

---

3. Prior to the passage of the Tucker Act, only claims against the United States founded upon an act of Congress, a regulation of the executive department, or an express or implied contract with the United States could be asserted, and could be brought only in the Court of Claims. *See* 14 Wright, Miller & Cooper, Federal Practice & Procedure § 3657 at 213 (1976). As a result, Congress was beseiged by private bills and petitions for relief from persons who did not meet the jurisdictional prerequisite or could not get to the Court of Claims. *Id.* The Tucker Act expanded on the earlier statutes by waiving sovereign immunity as to claims founded upon the Constitution, acts of Congress, executive department regulations, as well as claims for liquidated and unliquidated damages in cases not sounding in tort. *Id.*

4. Unpublished decisions of two other courts in this district, although not squarely presented with the issue addressed here, support this Court's holding. In *Clark v. Marsh*, C.A. No. 83–1352 (D.D.C. November 28, 1983), Judge Parker held that venue in this district was improper under the Tucker Act where eight of nine plain-

tiffs resided in Utah while the ninth resided in New York. Although none of the plaintiffs resided in the District of Columbia, and hence the court was not presented with the issue involved here, the court impliedly held that venue would not be proper on that basis by asserting that transfer, rather than dismissal of the action, was not possible since the plaintiffs did not all reside in the same district. Therefore, the court dismissed to allow each plaintiff to file in the appropriate district. That order was subsequently modified, upon the dismissal of the New York plaintiff's claim without prejudice, to allow transfer of the Utah plaintiffs' claims to the United States District Court for the District of Utah.

Likewise, in *Kelley v. United States*, C.A. 83–2294 (D.D.C. May 7, 1984), Judge Flannery held that venue in this district was improper where none of the plaintiffs resided in the District of Columbia. Again, the court implied that venue for all plaintiffs would not be available in any federal district court in stating that dismissal was the only alternative to transfer to the

In light of the unique and purposeful structure of the Tucker Act, plaintiffs' argument that this Court should interpret § 1402(a)(1) in a manner consistent with the interpretation which other courts have given to the same language under 28 U.S.C. § 1391(e)(4), also referring to where "the plaintiff resides," is unpersuasive. *See e.g., Exxon Corp. v. F.T.C.*, 588 F.2d 895, 898–99 (3rd Cir.1978) (venue proper under § 1391(e)(4) where at least one plaintiff resides in the district). Because § 1391(e) also permits the action to be brought where a defendant in the action resides or where the cause of action arose, *see* 28 U.S.C. § 1391(e)(1) & (2), it clearly does not involve the same concerns over the respective jurisdiction of the Claims Court and the district courts as are embodied in the Tucker Act.

Finally, this Court cannot accept plaintiffs' efforts to bring this action in this district on the grounds that plaintiffs seek equitable relief unavailable in the Claims Court. This argument is unpersuasive because, as noted above, nothing prevents plaintiffs from litigating their claims in the federal district court where they individually reside to the extent they view this as an actual concern. The Court questions the legitimacy of this concern, however, since any district court hearing claims under the Tucker Act sits as the Claims Court, and may not grant equitable relief unavailable in the Claims Court which merely determines the existence and extent of monetary relief against the United States. *See Lee v. Thornton*, 420 U.S. 139, 140, 95 S.Ct. 853, 854, 43 L.Ed.2d 85 (1975); *Richardson v. Morris*, 409 U.S. 464, 465, 93 S.Ct. 629, 630, 34 L.Ed.2d 647 (1973); *Cape Fox Corporation v. United States*, 646 F.2d 399, 402 (9th Cir.1981).

Under 28 U.S.C. § 1406(a) a district court may transfer a case when venue is improper to any court in which it could have been brought if it would be "in the interest of justice" to do so. 28 U.S.C. § 1406(a). In opposing defendant's motion to dismiss plaintiffs did not in the alternative request transfer to the Claims Court. However, as outlined above, in urging this Court to recognize venue as proper in this district the plaintiffs did emphasize the concerns for judicial economy and the desirability of litigating all of the plaintiffs' claims in the same forum. Although plaintiffs' arguments were unpersuasive in concluding that this Court in particular should be recognized as a proper forum, they nevertheless support the conclusion that it would be in the interest of justice to transfer this case, presently structured as a class action, to the only court which may hear all of the plaintiffs' claims—the Claims Court.

Accordingly, it is this 3rd day of January, 1985,

ORDERED that this action is hereby transferred to the United States Claims Court pursuant to 28 U.S.C. § 1406(a).

Claims Court. On request of the plaintiffs, the action was transferred to the Claims Court.