**Bertrand R. FAVEREAU II, Jeffrey D. Thompson, and Donna M. McCurdy, individually and on behalf of similarly situated persons, Plaintiffs**

v.

**The UNITED STATES of America and William Cohen, as Secretary of Defense, Defendants**

No. CIV. 98–137–P–C.

United States District Court,
D. Maine.

March 18, 1999.

Michael A. Feldman, Theodore H. Irwin, Law Offices of Michael A. Feldman, Brunswick, ME, for Plaintiffs.

David R. Collins, Asst. U.S. Atty., Office of the U.S. Attorney, Portland, ME, Benjamin M. Lawsky, U.S. Department of Justice, Federal Program Branch, Washington, DC, for U.S.

## MEMORANDUM OF DECISION AND ORDER TRANSFERRING VENUE

GENE CARTER, District Judge.

This is a class action with the three named Plaintiffs, all residents of Maine. The class, as asserted by Plaintiffs, will include "residents of every state in the country." Motion for Certification of Class (Docket No. 2) at 3. Plaintiffs seek the money Defendants have recouped from each of them, up to $10,000, and the entry of a permanent injunction enjoining Defendants from seeking recoupment of enlistment and re-enlistment bonuses from other individuals separated from the military due to obesity or failure to meet body fat standards when the separation was not upon the application of the service member. The Court now has before it Defendants' Motion to Dismiss on the basis of, among other things, improper venue.[1] Docket No. 12.

■ 28 U.S.C. § 1346(a)(2) provides that "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny [ ] civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." However, the venue provision applicable to claims, such as these brought against the United States, which are governed by the Little Tucker Act states in relevant part: "[a]ny civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only . . . in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a)(2). In this case, where the class plaintiffs are alleged to be from many different districts, the question for the Court is what is the proper venue.

The majority of courts that have confronted this issue have held that the venue requirement in § 1402(a) must be satisfied for each plaintiff. See *Davila v. Weinberger*, 600 F.Supp. 599 (D.D.C.1985); *Brooks v. Weinberger*, 637 F.Supp. 22, 24 (D.D.C.1986) (venue in the district court under the Little Tucker Act was proper

---

1. Because of the Court's decision on the venue issue, it is unnecessary to address the other arguments raised in Defendants' Motion to Dismiss.

only with respect to individuals who reside in that district); *National Treasury Employees Union v. Reagan*, 629 F.Supp. 762, 765 (D.D.C.1985) (claims of nonresidents dismissed under 28 U.S.C. § 1402(a) for improper venue). In *Davila*, the district court held that "the [Little] Tucker Act requires plaintiffs to litigate their claims only in the district in which they individually reside, or· in the [Court of Federal Claims]." *Davila*, 600. F.Supp. at 604. Considering the history and purpose of the Little Tucker Act, the *Davila* court found that the act "embod[ies] Congress' deliberate efforts to channel certain types of cases to the [Court of Federal Claims] ... while allowing other claims· to be heard concurrently by certain district courts." *Id.* The court went on to explain that the Little Tucker Act venue provision "was deliberately drafted to carve out a narrow exception to the jurisdiction of the Court of [Federal] Claims" to give persons with relatively small claims the option of bringing suit in the district where they and their witnesses reside. *Id.* Although *Davila* was not a formal class action, there is nothing to analytically distinguish it from a class of plaintiffs who reside in different judicial districts. Thus, the *Davila* court's reasoning is applicable in a class action case.

It could be argued that because the language of the Little Tucker Act venue provision—28 U.S.C. § 1402(a)—and the federal question venue provision—28 U.S.C. § 1391(e)—is substantially similar, such language should be interpreted in a similar manner. In *Exxon Corp. v. Federal Trade Commission*, 588 F.2d 895, 898–99 (3d Cir.1978), the Court of Appeals for the Third Circuit held that, in multiple plaintiff cases under the federal question venue provision § 1391(e), venue is satisfied where at least one plaintiff resides in the judicial district. Although the *Exxon* court held that "[t]here is no requirement that all plaintiffs reside in the forum district," in so ruling, the court's major concern was to avoid an unnecessary multiplicity of litigation which would result from

a ruling that venue had to be satisfied for each plaintiff. *Id.* at 898. Since the claims in *Exxon* were not brought under the Tucker Act, it is not directly on point, whereas *Davila* addresses the issue before this Court.

The history. and purpose underlying section 1402(a), as articulated by the *Davila* court, warrant an interpretation which differs from section 1391(e). Moreover, the language of sections 1391(e) and 1402(a) differs in one significant respect. Section 1391(e) permits an action to be brought in "any judicial district in which ... the plaintiff resides," whereas section 1402(a) is more limited in that it permits an action to be brought "only ... in the judicial district where the plaintiff resides." 28 U.S.C. §§ 1391(e) and 1402(a). The Court concludes that the meaning of the phrase, "where the plaintiff resides," as used in the Little Tucker Act's venue provision, requires that all plaintiffs reside in the district where they bring their claim.

Plaintiffs make three arguments against venue being proper in the Court of Federal Claims. First, Plaintiffs' contend that the Court should follow *Hormel v. United States*, 11 F.R.D. 376 (S.D.N.Y.1951), instead of *Davila*. Second, Plaintiffs argue that the equitable relief sought by Plaintiffs in this action makes the district court the appropriate forum. Third, they assert that the policy considerations cited by the *Davila* court militate in favor of this action remaining in. the district court. The Court will address Plaintiffs' arguments in turn.

Plaintiffs assert that in *Hormel*, the court ruled that a person residing out of state could join a class of plaintiffs seeking relief from the United States under the Tucker Act in the district court. In *Hormel*, a motion was made pursuant to Rule 24(b)(2) to intervene as a party plaintiff and the defendant argued that the motion should be denied because to grant it would be allowing a suit against the United States without compliance with 28 U.S.C. § 1402(a) because the moving party was

not a resident of New York, the district in which the suit was brought. In granting the motion, the *Hormel* court briefly considered the issue of the venue requirements of § 1402(a), stating, among other things, that "it would be illogical to hold that in a class suit, where independent grounds of jurisdiction are not required, all parties would have to meet the venue provisions." *Hormel*, 11 F.R.D. at 377. This Court is not persuaded by the cursory treatment the *Hormel* court gave the venue issue.

■ Next, Plaintiffs rely on *Brown v. United States*, 631 F.Supp. 954, 957 (D.D.C.1986), and *Saraco v. Hallett*, 831 F.Supp. 1154, 1165 (E.D.Pa.1993), in asserting that federal district court is the only forum which is competent to adjudicate the claims set forth in their Complaint because the Court of Federal Claims does not have the power to declare the regulation invalid or to grant injunctive relief. Where a claim for money damages against the United States, which is governed by the Tucker Act, is joined with a claim for injunctive or declaratory relief, the test for determining whether the district court may exercise jurisdiction over the equitable claim is whether "the declaratory relief a claimant seeks has significant prospective effect or considerable value apart from merely determining monetary liability of the government." *Hahn v. United States*, 757 F.2d 581, 590 (3d Cir.1985); *accord Matthews v. United States*, 810 F.2d 109, 111 (6th Cir.1987); *Minnesota v. Heckler*, 718 F.2d 852, 858 (8th Cir.1983). If the requested equitable relief has such significant prospective effect or considerable value that it, not the compensatory money payments, is the primary relief sought, the district court has jurisdiction over the equitable claim. *Heckler*, 718 F.2d at 859.

However, the test set out in *Hahn* was not intended to derogate from the Court of Federal Claims' sphere of exclusive jurisdiction. *Hahn*, 757 F.2d at 590. If the equitable relief does not have such significant prospective effect or considerable value, and the Court of Federal Claims is capable of affording complete relief, the district court should not permit plaintiffs, by artful pleading, to avoid bringing their entire action in that court. *Id.*

Although the relief sought in this action could have some prospective effect apart from determining monetary liability of the United States, on the record before the Court, it cannot be said that such prospective effect is significant or of considerable value. Plaintiffs' equitable claims are not on the level of magnitude of the constitutional claims which were at issue in *Hahn*. *See* 757 F.2d 581. Moreover, the equitable relief sought by Plaintiffs is based on the same facts as Plaintiffs' claims for return of the bonuses and, as such, it is inextricably intertwined with their claims for the return of their bonuses. "Claims Court jurisdiction may not be evaded by merely disguising a monetary claim for an injunction requiring the payment of money." *Hahn*, 757 F.2d at 589. Likewise, Claims Court jurisdiction cannot be avoided by attaching a claim for injunctive relief to a claim for monetary damages. Certainly, Plaintiffs' claims for return of their bonuses is the primary relief requested, not the equitable relief to enforce the regulations differently in the future. *Heckler*, 718 F.2d at 859.[2] The Court of Federal Claims is, therefore, capable of affording complete relief in this case.

■ Finally, Plaintiffs argue that because their individual claims are small, the considerations addressed by the court in *Davila* favor venue remaining in this

---

2. Plaintiffs argue that, generally, the Court of Federal Claims does not have the authority to grant prospective equitable relief. *Bowen v. Massachusetts*, 487 U.S. 879, 905, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988); *Richardson v. Morris*, 409 U.S. 464, 465, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). Although Plaintiffs cor-

rectly point out that the equitable powers of the Court of Federal Claims are limited, this Court's powers are likewise limited when it sits as a Claims Court affording relief under the Tucker Act. *See Lee v. Thornton*, 420 U.S. 139, 140, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Richardson*, 409 U.S. at 465, 93 S.Ct. 629.

Court. Plaintiffs' argument misunderstands *Davila* and the purpose of the Little Tucker Act venue provision. The statute permits small claims, less than $10,000, to be brought in the plaintiff's local district court in order to prevent the hardship on those with small claims of litigating away from home. However, when plaintiffs seek to bring a nationwide class action on behalf of individuals from all states with the aggregate liability of the United States far in excess of $10,000, the suit belongs in the Claims Court. This Court's conclusion is reinforced by its concern that in cases involving hundreds of plaintiffs from numerous jurisdictions if only one plaintiff satisfied the section 1402(a) residence requirement, this decision would engender forum shopping.

■ Although Defendants have made no motion to transfer this action, a transfer of venue may be made by the court *sua sponte* under 28 U.S.C. § 1406(a) if venue is improper. *See Wims v. Beach Terrace Motor Inn, Inc.*, 759 F.Supp. 264, 270 (E.D.Pa.1991). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts are granted broad discretion in a decision to transfer venue, and such a decision will not be overturned except on a very strong showing that the court abused its discretion. *Codex Corp. v. Milgo Elect. Corp.*, 553 F.2d 735, 737 (1st Cir.1977). Applying these rules, the Court concludes that, because Plaintiffs will reside in multiple judicial districts, the only forum in which Plaintiffs can pursue their claims in a single action is the Court of Federal Claims.

3. The Court notes that the parties should always be given an opportunity to be heard on a motion to transfer *sua sponte*. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C.Cir.1974); *Mobil Corp. v. S.E.C.*, 550 F.Supp. 67, 69 (S.D.N.Y.1982)(parties should be provided notice and an opportunity to be heard when transfer is proposed *sua sponte* by the court);

Therefore, the Court finds that a transfer of venue to the Court of Federal Claims is appropriate in this case.[3]

Accordingly, it is ORDERED that this case be, and it is hereby, transferred to the Court of Federal Claims.

*Clisham Management, Inc. v. American Steel Bldg. Co.*, 792 F.Supp. 150, 156 (D.Conn. 1992). Here, the issue of venue has been raised and briefed by the parties as part of Defendants' Motion to Dismiss. It is not necessary to solicit further arguments from the parties regarding whether a transfer of venue is appropriate.