**John W. BROOKS, et al., Plaintiffs,**

**v.**

**Caspar W. WEINBERGER, Secretary, Department of Defense, et al., Defendants.**

**Civ. A. No. 85–16.**

United States District Court, District of Columbia.

Jan. 27, 1986.

Edward J. Hickey, Jr., Thomas A. Woodley, Washington, D.C., for plaintiffs.

Nathan Dodell, Asst. U.S. Atty., Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This matter is before the court on defendant's motion to transfer this case to the United States Claims Court on the ground that venue is not proper, or alternatively on the ground that subject matter jurisdiction is lacking. For reasons set forth below, defendant's motion to transfer is granted with respect to the non-District of Columbia plaintiffs in this case.

### I. *Background*

This action has been brought by a number of federal law enforcement employees claiming that they have been denied their overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* for overtime duty whenever they are absent from work under certain circumstances, such as when they are on leave for jury duty. Plaintiffs claim that refusal to pay these workers violated the FLSA. The plaintiffs seek damages, along with a declaratory judgment, injunctive relief, and mandamus. This suit is being brought under 29 U.S.C. § 216(b) which permits similarly situated employees to "opt-in" to this suit by filing a consent form. There are currently 286 plaintiffs in the case.

Defendants claim that this is essentially an action for damages against the United States government and that therefore it falls under the Tucker Act—including the Tucker Act's venue provision which permits venue only in the district where the plaintiff resides. Thus, defendants argue, venue in this court is not proper since not all of the plaintiffs reside in the District of Columbia. The defendants also contend that this court lacks subject matter jurisdiction of the plaintiffs' claims since some opt-in plaintiffs have not expressly waived recoveries in excess of $10,000, as the Tucker Act requires in order to vest the district court with concurrent jurisdiction over claims against the federal government.

### II. *Discussion*

#### A. *Does the Tucker Act Apply to Plaintiff's Claims?*

The Tucker Act at 28 U.S.C. § 1346(a) provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of: ...

Any ... civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Fair Labor Standards Act at 29 U.S.C. § 216(b) provides:

(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

The plaintiffs argue that their claims against the United States are not subject to the Tucker Act, but rather may be brought directly under the Fair Labor Standards Act. The basis for their argument is that the FLSA provides that an action under that Act may be maintained in any federal or state court of competent jurisdiction, and that that language provides a jurisdictional basis for FLSA claims, exclusive of the Tucker Act. That argument is not well-founded.

First, unlike the Age Discrimination Employment Act (ADEA), cited by plaintiffs as modeled after the FLSA, the FLSA does not vest jurisdiction in a particular court. The relevant portion of the ADEA provides that "[a]ny person aggrieved may bring a civil action in any *Federal district court* of competent jursdiction ..." 29 U.S.C. § 633a(c) (1982) (emphasis added). The FLSA does not so specify a particular court in which an FLSA claim may be brought.

Second, the legislative history of the FLSA amendments of 1966, which added the "any court of competent jurisdiction" language quoted above, indicates that the purpose for adding that language was not to supplant the Tucker Act, but rather to allow state and local employees to bring FLSA claims in federal court. 1974 U.S. Code Cong. & Ad.News at 2811, 2853 (1974).

Third, the language of the Tucker Act is all-inclusive: *Any* civil action or claim against the United States ... founded on *any* Act of Congress. Absent a specific Congressional grant of jurisdiction in a particular court, as in the ADEA, the Tucker Act applies to any claim brought against the United States.

For these reasons, jurisdiction for claims to recover compensation from the United States for violations of the Fair Labor Standards Act rests in the federal courts by virtue of the Tucker Act.

### B. *Is Venue Proper under the Tucker Act?*

The venue section of the Tucker Act, 28 U.S.C. § 1402(a) provides that, where the plaintiff is an individual, venue is proper only in the judicial district in which the plaintiff resides. That section does not cover a situation, like the one at bar, where there are multiple plaintiffs who do not all live in the same district. Thus, the issue before the court is whether the court should hold that venue is not proper in this district or any other district since not all of the plaintiffs in this case reside in one district.

That issue was recently addressed in *Davila v. Weinberger,* 600 F.Supp. 599 (D.D.C.1985). There, Judge Hogan held that where all of the plaintiffs do not live in a single judicial district, venue is not proper in any district, and the claim must be brought in the Court of Claims. The opinion in that case was based on the need to avoid forum shopping.

More generally, the Supreme Court addressed the problem of venue statutes whose effect is to deprive any court of jurisdiction, the problem of so-called "venue gaps". In *Brunette Machine Works Ltd. v. Kockum Industries, Inc.,* 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972), the issue before the Court was whether the specific patent infringement venue statute, 28 U.S.C. § 1402(a) (providing that venue was where the defendant resides or where he committed the infringement *and* where he has a regular place of business), meant that there was no proper venue in a patent infringement suit against an alien corporation which neither was a resident of the United States nor had a regular place of business here. The court held that the general venue provision relating to aliens, 28 U.S.C. § 1391(d) (providing that aliens can be sued in any district), prevailed despite the specific trade infringement venue statute.

Unlike *Burnette,* where the effect of the applicable venue provision meant that no court had jurisdiction, the venue provision here would permit jurisdiction in the Court of Claims. Thus, this court holds that there is no "venue gap" under the Tucker Act. Therefore, non-District of Columbia plaintiffs must bring their claims before the Court of Claims, and this court will grant defendant's motion to transfer those claims to that court. Venue is proper, however, to District of Columbia plaintiffs; their claims may remain here.

### C. *Does this Court have Jurisdiction over all the Plaintiffs' Claims?*

The defendants also argue that this court has no subject matter jurisdiction since not all of the opt-in plaintiffs have

expressly waived their right to recover more than $10,000. However, the complaint filed in the case seeks damages and monetary relief "not in excess of $10,000" for each plaintiff on each of the four separate claims. By opting-in to this action, plaintiffs are bound by the complaint's limitation on the amount of damages claimed, and thus the court has subject matter jurisdiction over any District of Columbia plaintiffs.