**John W. BROOKS, et al., Plaintiffs,**

v.

**Caspar W. WEINBERGER, et al., Defendants.**

**Civ. A. No. 85–0016.**

United States District Court, District of Columbia.

Dec. 20, 1989.

Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., for plaintiffs.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM OPINION

FLANNERY, District Judge.

The court must decide the correct way to figure overtime pay for certain security guards who work for the federal government's General Services Administration (GSA). The issue arises on cross motions for summary judgment on stipulated facts. For the reasons stated below, the court grants defendants' motion.

### I.

These cross motions for summary judgment are really a sideshow to an action to collect overtime pay under the Fair Labor Standards Act (FLSA) and Title 5 of the U.S.Code.[1] In the main ring, the parties

---

**1.** The Fair Labor Standards Act of 1938 is codified at 29 U.S.C.A. § 201 *et seq.* FLSA generally requires employers to give workers one and one-half times their regular rate of pay when they work more than a certain number of hours, normally 40 hours per week. 29 U.S.C.A.

§ 207(a). Before May 1, 1974, Title 5 of the U.S.Code governed pay for federal government employees, using a different overtime scheme. *See* 5 U.S.C.A. 5541 *et seq.; Lanehart v. Horner,* 818 F.2d 1574, 1575 (Fed.Cir.1987). The Fair Labor Standards Amendments of 1974 made most federal workers eligible for time-and-a-half overtime under FLSA. *Id.* The main issue in this action is whether the two laws together

are contesting whether defendant GSA owes plaintiff security guards overtime pay for hours when the guards were scheduled to work overtime but instead served on a jury, performed military service, took sick time, or used annual leave.[2]

As part of settlement talks, GSA reviewed past overtime payments to plaintiffs. By March 1989, GSA "discovered" it had been paying plaintiffs based upon a formula to figure overtime that differs from the one set out in 5 C.F.R. § 551.512.[3] The "old" formula resulted in more money being paid for overtime than would be due under the § 551.512 method of figuring overtime pay. Arguing that § 551.512 states the law for figuring plaintiffs' overtime pay entitlement, defendants counterclaimed for the difference between the overtime paid under the "old" formula and an amount that would have been paid under § 551.512. Plaintiffs contend that they are entitled to overtime payments in the amount based on the "old" formula, because that "old" formula is mandated by FLSA. To the extent that § 551.512 would yield less overtime pay than the "old" FLSA formula, plaintiffs argue that FLSA takes precedence over Title 5 regulations.

The court must rule on this subsidiary issue to get the parties back in the center ring.

## II.

On July 6, 1989, the parties filed a stipulation stating how GSA has calculated plaintiffs' overtime in the past under the "old" formula. The parties also stipulated to the mechanics of the method spelled out in 5 C.F.R. § 551.512. The stipulation is based upon the pay for Federal Protective Officer (FPO) Vernal Gabriel for the two-week pay period ending March 29, 1989. The relevant part of the stipulation is set out in the margin.[4]

require federal employees to be paid the FLSA overtime they would get if they were at work when they take authorized absences under the " 'leave with pay' provisions of 5 U.S.C. §§ 6303, 6307, 6322, and 6323 (1982)." *See Lanehart*, 818 F.2d at 1575.

**2.** When this action was first brought, plaintiffs included several hundred federal law enforcement employees working for the U.S. Department of Defense, the U.S. Border Patrol, GSA, and other agencies of the federal government. Before answering, the federal agency defendants challenged venue as improperly laid. This court ruled that the claims of all those plaintiffs who live outside of the District of Columbia should be transferred to the U.S. Court of Claims. *Brooks v. Weinberger*, 637 F.Supp. 22, 24 (D.D.C.1986). *Id.* The plaintiffs living in Washington, D.C., all of whom appear to be GSA guards, remained before this court to pursue their action. On February 6, 1986, the court stayed proceedings, pending a decision in *Lanehart v. Horner*, 818 F.2d 1574 (Fed.Cir. 1987), which dealt with similar facts and the same issues. *Lanehart* supports plaintiffs' position. This court lifted the stay January 28, 1988, and continued the case while the parties discussed settlement. Throughout this period, defendants had not had to file an answer to the complaint.

**3.** Part 551 of Title 5 of the Code of Federal Regulations supplements and interprets FLSA as it applies to federal employees. FLSA Section 4(f), 29 U.S.C.A. 204(f), authorizes the Civil Service Commission to administer FLSA for nearly all federal workers. The commission has been replaced by the federal Office of Personnel Management (OPM). *Lanehart*, 818 F.2d at 1576. Part 551 is titled OPM's "Pay Administration under the Fair Labor Standards Act." Subpart E, §§ 551.501 through 551.541 deals with "Overtime Pay Provisions. Sections 551.511–551.513 are titled "Overtime Pay Calculations." The relevant parts of § 551.512 reads as follows:

**§ 551.512 Overtime pay entitlement.**

(a) An employee's overtime entitlement under this subpart includes:

(1) The straight time rate of pay times all overtime hours worked; plus

(2) One-half times the employee's hourly regular rate of pay times all overtime hours worked.

(b) An employee's "straight time rate of pay" is equal to the employee's rate of pay for his or her position (exclusive of any premiums or differentials)....

(c) An employee has been paid in compliance with the overtime pay provisions of this subpart only if the employee has received pay at a rate at least equal to the employee's straight time rate of pay for all non-overtime hours of work in the workweek.

**4.** Beginning at page two, the stipulation states:

The GSA's method of compensating plaintiff FPOs is illustrated through GSA's payments to employee Vernal Gabriel for the pay period ending 3/29/86. Plaintiff Gabriel worked 160 hours in this 2 week pay period and took no leave. His base pay for the two week period is $720.00. This amount is intended to compen-

The parties stipulated as follows: Gabriel's base pay for the two-week period was $720 for 80 hours of work. His hourly rate of basic pay was $9.00. For each hour Gabriel worked on a Sunday, he earned an add-on of 25% of his hourly rate of basic pay. That works out to a $2.25 per hour differential or premium for Sunday work. Similarly, he also got a 10% add-on for each hour worked at night, or an additional $0.90 per hour as night differential. Stip. at 3–4.

During the two-week period stipulated to, Gabriel worked a total of 160 hours. Of these, 32 hours were on Sundays, and 109 hours were at night. As a result, Gabriel earned a total of $170.10 in differential or premium pay. Thus, Gabriel earned the following nonovertime pay in the stipulated period:

1. 160 total hours    @ base wage of $9.00 per hour =   $1,440.00 +
2.   32 Sunday hours @ an additional $2.25 per hour =   $   72.00 +
3. 109 night hours   @ an additional $0.90 per hour =   $   98.10 +

TOTAL NONOVERTIME PAY (Total remuneration):    $1,610.10

---

sate him for 80 hours. In addition to his base pay, he receives Sunday premium pay and night differential pay.

#### 2–week Pay Period

Base Pay = 80 hrs. × $9.00 = $720.00
Base hourly rate = $9.00
Sunday Pay [2] = 32 hrs. × 2.25 = $72.00
Night Pay [3] = 109 hrs. × .90 = $98.10
Overtime Straight Time = 80 hrs. × 9.00 = $720.00

Total Remuneration Received = $1610.10
Regular Rate = $1610.10     160 = $10.06

#### GSA's Actual Overtime Paid to Employee

Reg.    Rate × OT    hrs. = 80 ×
   $10.06 =                804.80[*]
1/2 × Reg. Rate × OT hrs. = 0.5
   × 10.06 × 74.5 hrs. [4] =      374.74
                              $1179.54

#### GSA's Claimed Proper Overtime Pay, Based on the Governing Regulations at 5 C.F.R. 55[1].512(a)

Straight Time Rate × OT hours =
   9.00 × 80 =                    720.00
1/2 × Reg. Rate × OT hours =
   0.5 × $10.06 × 74.5 =      374.74
                              $1094.74

The parties stipulate that the former method is the method that GSA has used to calculate the plaintiff FPO's overtime pay. The issue is simply whether the GSA's actual method of payment set forth above is improper.

[Stipulation Footnotes:] [2] Plaintiffs receive Sunday premium pay in the amount of twenty-five percent (25%) of the base hourly rate of pay for each hour worked.

[3] Plaintiffs receive night differential pay in the amount of ten percent (10%) of their base hourly rate of pay for each hour worked.

[4] 74.5 is the figure that represents the number of FLSA overtime hours the employee worked pursuant to the 42.75 hourly standard under section 7(k) of the Act for law enforcement employees. Stip. at 2–3.

* FPO Gabriel's $720 pay is based upon working 80 hours in a two-week work period. As indicated in the stipulation's fourth footnote, both parties agree, however, that he does not become entitled to overtime pay until he has worked 85.5 hours in a two-week period. Thus, he is only entitled to a lesser rate for the time between 80 hours and 85.5 hours in a two-week period. Why this is so, is not stated clearly in the stipulation, which refers only to FLSA § 7(k), 29 U.S.C.A. § 207(k).

FLSA § 7(k) provides a partial exception to the general rule that employees are entitled to overtime compensation at a rate not less than one and one-half times their regular rate for work in excess of 40 hours per week. The section does not change the rule that overtime must be not less than one and one-half times the regular rate; the exception relates to when the entitlement to overtime compensation arises for firefighters and law enforcement officers employed by public agencies, including the federal government. The parties have not explained it, but § 7(k) required the Secretary of Labor to determine the average number of hours worked by law enforcement officers and firefighters in a 28–day tour of duty or work period. Overtime entitlement is then defined to begin when an employee works more than this average number of hours. The secretary ultimately determined that the average number of hours worked by law enforcement officers in a 28–day work period was 171 hours. *Fire Protection and Law Enforcement Employees of Public Agencies; Study of Average Number of Hours Worked.* 48 *Fed.Reg.* 40,158 (Sept. 8, 1983). These findings are codified at 29 C.F.R. 553.230(b). Section 7(k) also discusses overtime entitlement for employees whose work period is less than 28 days. For them, the section dictates that the ratio of 171 hours to 28 days be compared to the number of days in the shorter work period to find the number of hours after which increased pay for overtime work begins. In this instance 171 hours is to 28 days as 85.5 hours is to 14 days. Therefore, plaintiffs' entitlement to overtime pay does not begin until an employee has worked 85.5 hours in a two-week period. This is why Gabriel receives overtime only for 74.5 hours.

Both FLSA's § 7 overtime provision and 5 C.F.R. § 551.512 state an employee's overtime entitlement in terms of his regular rate of pay.[5] This is distinguished from the "hourly rate of basic pay" or "straight time rate of pay" of $9.00 per hour.[6]

Gabriel's hourly regular rate of pay is computed by dividing his "total remuneration" for a pay period by the total number of hours worked in the period to earn the total remuneration. 5 C.F.R. § 551.511.[7] In this instance, Gabriel's total remuneration is the $1610.10 that he received as his total nonovertime pay. He worked 160 hours to earn this remuneration. Therefore, his hourly regular rate of pay is $10.06, which is the quotient of $1610.10 in total remuneration divided by 160 hours.

**5.** Regular rate is an FLSA term. For federal workers, it is defined in 5 C.F.R. § 551.511, which is based upon FLSA Section 7(e), 29 U.S. C.A. 207(e). *See Zumerling v. Marsh*, 591 F.Supp. 537, 546 (W.D.Pa.1984); *cf.* 29 C.F.R. § 778.109.

**6.** Basic pay and straight time mean different things. In this instance, Gabriel's hourly rate of basic pay and straight time rate of pay happen to be the same. This multiplicity of terms results in part from Congress' decision to graft FLSA requirements onto the full-grown tree of Civil Service pay rules now administered by OPM. As noted above, regular rate is an FLSA term. Basic pay is a civil service term and is defined at 5 C.F.R. § 550.103(j). It means the pay fixed by law or regulation for a particular job without any deductions or add-ons. Hourly rate of basic pay is determined by dividing the yearly amount of basic pay by 2,080, (the product of 40 hours times 52 weeks). 5 C.F.R. § 550.-113(d)(2). The Civil Service pay law has special provisions for firefighters and law enforcement officers whose work duties required different treatment from office workers. These include not only the Sunday and night pay discussed above but an annual premium pay in lieu of overtime in certain instances. This gives rise to the idea of straight time, which is defined in 5 C.F.R. § 551.512(b).

**7.** Although it speaks of "total remuneration," 5 C.F.R. § 551.511 excludes eight types of payments made to or on behalf of employees. FLSA 207(e) excludes seven types of compensation.

**8.** The diligent peruser of footnote four, will already know that the parties agree that plaintiffs' overtime pay entitlement does not begin until

The court can now state what each party contends. Citing 5 C.F.R. § 551.512, defendants argue that Gabriel's overtime pay entitlement for the stipulated period is the following:

(1) straight time rate of pay for all hours in excess of 80 hours; plus

(2) one-half times the hourly regular rate of pay for all hours in excess of 85.5 hours, that is for 74.5 hours.

According to plaintiffs, Gabriel is entitled to:

(1) one and one-half times the hourly regular rate of pay for all hours in excess of 85.5 hours, or, for 74.5 hours.[8]

he has worked 85.5 hours in a two-week period. Why this is did not come through clearly in the stipulation or the parties' initial pleadings. In reviewing the stipulation, the court asked the parties to stipulate, if possible, to a short explanation of why there is a difference in the number of overtime hours to be compensated in the two calculations, that is why 80 hours was the number of OT hours in one line and 74.5 hours was the number of OT hours in the next line as shown in bold below:

GSA's Actual Overtime Paid
to Employee

| | |
|---|---|
| Reg. Rate × OT hrs. = **80** × $10.06 = | 804.80 |
| 1/2 × Reg. Rate × OT hrs. = 0.5 × 10.06 × **74.5** hrs. [4] = | 374.74 |
| | $1179.54 |

GSA's Claimed Proper Overtime Pay, Based on the Governing Regulations at
5 C.F.R. 55[1]512(a)

| | |
|---|---|
| Straight Time Rate × OT hours = 9.00 × **80** = | 720.00 |
| 1/2 × Reg. Rate × OT hours = 0.5 × $10.06 × **74.5** = | 374.74 |
| | $1094.74 |

The parties ended up submitting another round of pleadings, styled "Report to the Court," "Plaintiffs' Report to the Court," and "Defendants' Response to Plaintiffs' Report to the Court." In these, both parties agreed that GSA has been doing what is shown first above. Neither party really did much to explain *why* GSA had done this, however. The court's own research led to the following: As set forth in footnote number four, Section 7(k) and the rules interpreting it dictate that Gabriel is not entitled to time-and-a-half overtime pay until he

While plaintiffs' formula seems to reflect FLSA's overtime entitlement, when added to nonovertime pay, it leads to overtime payments that exceed what the act requires. When overtime pay computed by the § 551.512 formula is added to nonovertime pay, plaintiffs get the full overtime pay that FLSA Section 7 mandates.

### III.

At the outset, the court is not certain that the many pleadings in this case clearly explain what is disputed. The stipulation suggests that there is no genuine issue as to any material fact, the prerequisite for summary judgment under Rule 56(c), Fed. R.Civ.P., and the court so finds. Penetrating the seven veils of pleadings, the court does not believe that there is a genuine issue of law either. What issue there is, is one of mathematics.[9] The court will explain why this is so.

Although the parties have argued as if they dispute the law, a close reading of their pleadings indicates that they do not. Both parties accept that plaintiffs' overtime entitlement is governed by FLSA § 7(k), 29 U.S.C.A. § 207(k). As stated ear-lier, § 7(k) is a partial exception to § 7(a)'s requirement that employers covered by the act must pay an employee "compensation ... at a rate not less than one and one-half times the regular rate at which he is employed" for hours worked in excess of 40 hours per week. Section 7(k)'s exception applies to "employment by public agency engaged in fire protection or law enforcement activities." 29 U.S.C.A. § 207(k).[10] What is excepted, however, is not the rate at which overtime must be paid but when it must begin to be paid. Thus, § 7(k) retains § 7(a)'s requirement for compensation at one and one-half times the regular rate.

Unfortunately, defendants' memorandum in support of their motion leaves the impression that § 551.512 states a different entitlement to overtime than FLSA's one and one-half times regular rate, when what § 551.512 really states is a formula for paying the FLSA overtime entitlement. Moreover, plaintiffs seem to adopt this impression and then attack it sword to shield. They assert that they "are entitled to compensation for overtime pay in an amount not less than one and one half times their regular rates of pay." Pltfs' Mem. in

---

has worked 85.5 hours in a two-week period. But, because Gabriel's $720 basic pay is based upon an 80–hour pay period, there is an "interim" 5.5–hour–period that has to be compensated before the time-and-a-half overtime rate begins after 85.5 hours worked. This is a kind of "phantom" overtime.

The parties' first pleadings had focussed on the 74.5 hours of "true" overtime. So, in their Report to the Court, defendants also argue that even if the court rules in plaintiffs' favor on the 74.5 hours "true" overtime, it must hold that GSA erred in paying Gabriel the $10.06 hourly regular rate for the "phantom" overtime hours. Instead, the government asks the court to rule that Gabriel is only entitled to the $9.00 rate for the "phantom" overtime. Rept to the Court at 3. In a masterpiece of the oblique and indirect, plaintiffs appear to concede this point to defendants. Pltfs' Rept to the Court at 2. Because the court holds for defendants, the "phantom" overtime becomes moot.

9. As another judge in this court stated in a similar case, "The Court has spent considerable time on the ... calculation issue—which is more fit for accountants than lawyers...." *American Fed'n of Gov't Employees v. District of Columbia*, Mem. Op. at 1, —— F.Supp. ——, —— (D.D.C.1989).

10. Section 7(k) reads:

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

(2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.

Supp. at 2, citing FLSA Section 7 [11]. Plaintiffs' add that "[o]ne of the most fundamental and long established principles of the overtime requirements of [FLSA] is that an employee is entitled to receive one and one-half times his regular rate of pay for each overtime hour the employee works." Pltfs' Reply at 1. Plaintiffs then argue that FLSA takes precedence over any OPM regulations under Title 5 that vary from FLSA. This could well be true, but it does not matter because there is no variance between FLSA and the OPM rules, as will be shown. Plaintiffs' assertions are not relevant because the government agrees with them.

Defendants would have been well-advised simply to have responded that they agree with plaintiffs about FLSA. They could then have concentrated on demonstrating arithmetically that everything Gabriel is entitled to under FLSA § 7 is given to him by § 551.512. Instead, defendants repeat that Congress delegated to OPM the responsibility to administer FLSA for federal employees and analyze cases in support. This not only implies that § 551.512 differs from FLSA, but also carries the implication further by suggesting that OPM's overtime entitlement represents a reasonable exercise of the authority to choose another entitlement.

This, however, is just precisely not the point. The point is that there is no vari-ance between what FLSA dictates an employee must receive as his overtime dues and what the rules under Title 5 C.F.R. Subpart 551 state the worker is entitled to.

To explain this, the court notes that 5 C.F.R. § 551.501(a) restates for federal employees the general rule established in FLSA § 7(a). That is, subject to certain later stated exceptions, overtime is due at not less than one and one-half times the regular rate for more than 40 hours work per week.

Just as FLSA § 7(k) provides an exception to § 7(a), so 5 C.F.R. § 551.541(a) embodies the same *FLSA* exception to 5 C.F.R. § 551.501. That is, firefighters and law enforcement officers do not get overtime after working 40 hours in a week. They begin to get overtime when they have worked more than a certain number of hours in a pay period. That number is based on an administratively determined average. For plaintiffs this is after 85.5 hours worked in a two-week work period. Just as § 7(k) states the same overtime entitlement of one and one-half times regular rate as does § 7(a), so, too, does § 551.541.

Plaintiffs' point to § 551.541 as if it vindicates the view that they are entitled to overtime at one and one-half times their regular rate of pay, rather than the "entitlement" stated in § 551.512. They sug-

---

11. Plaintiff's also cite 29 C.F.R. 778.107, "General standard for overtime pay." This rule is part of the Department of Labor's regulations governing overtime under FLSA, and plaintiffs have cited it several times. But, the text of the rule states, "The Act provides, in section 7 ... (k) ... certain partial and total exemptions from the application of section 7(a). Regulations and interpretations concerning these exemptions are outside the scope of this Part 778 and reference should be made to other applicable parts of this chapter."
Plaintiffs further cite 29 C.F.R. 778.110 as an explanation of "the method by which overtime pay is calculated for employees paid on an hourly basis. Employees paid on an hourly basis who receive additional compensation such as a bonus or night shift or differential pay are entitled to receive one and one-half times their regular rate for each overtime hour worked." Pltfs' Mem. in Supp. at 3. Here again, plaintiffs' are impaled on their own citation. 29 C.F.R. 778.110(b) reads:

(b) *Hourly rate and bonus.* If the employee [who works at a $6.00 per hour basic rate and who works 46 hours in a week] receives, in addition to his earnings at the hourly rate, a production bonus of $9.20, the regular hourly rate of pay is $6.20 (46 hours at $6 yields $276; the addition of the $9.30 bonus of $9.20 bonus makes a total of $285.20; this total divided by 46 hours yields a rate of $6.20). The employee is then entitled to be paid a total wage of $303.80 for 46 hours (46 hours at $6.20 plus 6 hours at $3.10, or 40 hours at $6.20 plus 6 hours at $9.30).
The $9.20 in the rule is the equivalent in concept to Gabriel's $170.10. As is demonstrated in the text, the government's formula results in the same treatment as the employee in the example receives, that is the payment of the regular rate for every hour worked and one-half the regular rate for the overtime hours. This is all that FLSA § 7 requires.

gest that the court should adopt § 551.541 as stating the true rule and reject defendants' supposed preference for a "lesser" amount as embodied in § 551.512.

The court cannot take up plaintiffs' suggestion because § 551.512 is not an alternative overtime entitlement that differs from that embodied in § 551.501, § 551.541, or FLSA § 7. Section 551.512 is a statement of the arithmetic processes to go through to ensure that an employee is paid the one and one-half times regular rate for overtime that the worker is entitled to under §§ 551.501 or 551.541 and FLSA § 7.

The court will show this through a mathematical analysis of the Gabriel's total pay. As a result of what follows, the court holds that when taken with Gabriel's basic pay and premium pay, the § 551.512 formula results in the guard getting the full measure of his overtime dues under FLSA § 7.

## IV.

It is unfortunate that the drafters of § 551.512 chose to divorce the overtime pay entitlement from nonovertime pay and to state the rule in something of a vacuum. In contrast, 29 C.F.R. 778.110 treats the nonovertime and overtime pay together. It thus gives a much clearer picture of what the employee really wants—all the money he earned. The court, therefore, begins by stating what each party means Gabriel's total pay to be:

Defendants:
(1) 160 hours worked @ $9.00 per hour  = $1,440.00
(2) Total Sunday and Night premium  = $ 170.10
(3) 74.5 hours overtime @ $5.03 per hour = $ 374.85

($5.03 = one-half regular rate)
Total pay entitlement:  = $1,984.95

Plaintiffs:

(1) 85.5 hours worked $9.00 per hour  = $ 769.50[12]
(2) Total Sunday and Night premium  = $ 170.10
(3) 74.5 hours at $15.09 per hour  = $1,124.55

($15.09 = one and one-half regular rate)
Total pay entitlement:  = $2,064.15

The key to deciding which is correct is to focus on the premium amount of $170.10. The court begins by making a few observations.

First, making allowances for "phantom" overtime, the parties agree that Gabriel's 160 total hours are split into a nonovertime component of 85.5 hours and an overtime component of 74.5 hours. The sum of the nonovertime hours and the overtime hours cannot, however, be more than the total of 160 hours worked.

Second, as to the $170.10 total premium, Gabriel earned some of it during the 85.5 nonovertime hours; this portion is not subject to FLSA's time-and-a-half overtime "boost." He earned part of the premium during the 74.5 overtime hours; this should be "boosted" by the extra overtime rate.

Third, FLSA could have required that the "boosted" and "unboosted" parts of the differential be counted and paid based upon when it was worked. That is, Congress could have required that if Gabriel's 90th hour at work was on Sunday night, he should be paid one and one-half times the sum of $9.00 plus $2.25 plus $0.90 for that hour. Instead, Congress wrote the law so that the premium pay is averaged out over all the hours worked. As a result, premium pay is treated as if earned equally in each hour worked, even though it actually was earned in certain specific hours and not earned in others.[13] Under FLSA's regular rate, Gabriel earned $1.06 of his total premium pay in each hour worked. Therefore, for the purposes of overtime calculations under FLSA, a total of 85.5/160s of the $170.10 premium pay is deemed to have been earned during the nonovertime hours. Similarly, 74.5/160s of the $170.10 is held to have been earned during the overtime hours. The first portion of the premium pay is not subject to an overtime "boost;" the second portion is "boosted."

---

**12.** As explained in footnote 8 above, this is not quite what the GSA had been using as its old formula. The old formula would have been: 80 hours at $9.00 and 5.5 hours at $10.06. Plaintiffs concede in their Plaintiffs' Report to the Court that the regular rate does not come into play until after 85.5 hours. The court has taken the liberty of restating their formula as a result.

**13.** That Congress did not mandate this method of computing overtime may be the essence of plaintiffs' real complaint. The court may not overrule Congress' clearly stated choice, however.

Fourth, just as the sum of the boosted and unboosted hours cannot exceed 160 hours, the sum of the hours of boosted premium and unboosted premium also cannot exceed 160 hours. Therefore, any overtime formula that makes the sum of (1) the hours for which the premium is not boosted and (2) the hours for which it is boosted greater than 160 results in an unauthorized extra payment to the employee. As will be shown, the plaintiffs' formula does this.

Fifth, from the above, it appears that an employee's total pay entitlement is the following:

(1) Basic wage for nonovertime hours, plus

(2) That part of premium earned in nonovertime hours, plus

(3) Basic wage for overtime hours times one and one-half, plus

(4) That part of premium earned in overtime hours times one and one-half.[14]

The court will now show algebraically and mathematically why defendants' formula is correct. On the left appears the algebra, which demonstrates that this analysis is true for any set of numbers; on the right is the analysis applying Gabriel's numbers. To compare plaintiffs' and defendants' formulae and that just stated, assume the following:

1. $a$ = non-OT     or,     85.5 hours
2. $b$ = OT hours     or,     74.5 hours
3. $z$ = basic wage     or,     \$9.00 per hour
4. $y$ = total premium pay     or,     \$170.10

From this, we know that:

1. $a + b$ = total hours = $85.5 + 74.5 = 160$ hours
2. $\{[(a+b)(z)+y]/(a+b)\}$ = reg rate/hour = $[(160)(\$9) + 170.10]$ divided by $160 = \$10.06$

2a. $[y/(a+b)]$ = \$1.06 = \$170.10 divided by $160$ = \$1.06
2b. $z + [y/(a+b)]$ = \$10.06 = \$9.00 + $[170.10/160 = \$1.06]$ = \$10.06
    also states the regular rate.

And total pay entitlement is:

1. $(a)(z) +$ = non-OT hours × basic wage = $85.5 × \$9.00$
2. $(a)(y)/(a+b) +$ = non-OT hours' differential = $85.5 × \$1.06$
3. $(b)(z)(1.5) +$ = OT hours × basic wage × $1.5$ = $74.5 × \$9.00 × 1.5$
4. $(b)(y)/(a+b)(1.5)$ = OT hours' differential × $1.5$ = $74.5 × \$1.06 × 1.5$

Thus, mathematically it appears that the total pay entitlement is equal to \$1,984.34, which is essentially the government's figure shown above.[15] The court notes that the last two terms are equal to 74.5 hours overtime × \$10.06 hourly regular rate × 1.5, which means that plaintiff has been compensated for his overtime period at one and one-half times the regular rate.

It further appears that the plaintiffs' formula results in an extra 74.5/160s of the differential being paid to Gabriel. This is because the plaintiffs' formula calls for the entire premium amount (both the nonovertime portion and the overtime portion) to be paid once, and it then calls for the overtime portion of the premium to be paid again when the hourly regular rate of pay is

14. Note that even if Congress had chosen to count the premium as it actually was earned, rather than averaging it out, this would still be the correct statement of an employee's total pay and overtime entitlement.

15. The \$0.61 difference between this and the amount earlier stated as the result of the government formula results from rounding. The actual per-hour share of the premium is \$1.063125, and the actual hourly regular rate of pay is \$10.063125. When the hours and overtime boost are multiplied by these numbers, the total works out to \$1,984.95.

multiplied by 1.5. This may be seen algebraically below:

Plaintiffs' formula is:

A. $(a)(z) +$   $= 85.5$ hours at basic wage of $9
B. $y +$   $=$ Total $170.10 premium
C. $(1.5)(b)\{ [ (a + b)(z) + y]/(a + b) \}$   $= 1.5 \times 74.5$ overtime hours $\times$ regular rate of $10.06

(See above for demonstration that $\{ [ (a + b) (z + y]/(a +b) \} =$ the regular rate.)

1. Applying mathematical laws of factoring, the plaintiffs' formula also may be expressed as:
A. $(a)(z) +$
B. $(a)(y)/(a + b) + (b)(y)/(a + b) +$
C. $(b)(a + b)(z)/(a + b)(1.5) + (b)(y)/(a + b)(1.5)$
2. Fractions being partly reduced, this becomes:
A. $(a)(z) +$
B. $(a)(y)/(a + b) + (b)(y)/(a + b) +$
C. $(b)(z)(1.5) + (b)(y)/(a + b)(1.5)$

**OR**

| | | |
|---|---|---|
| $(a)(z) +$ | non-OT hours $\times$ basic wage | $= 85.5 \times \$9.00$ |
| $(a)(y)/(a + b) +$ | non-OT hours' differential | $= 85.5 \times \$1.06$ |
| $(b)(z)(1.5) +$ | OT hours $\times$ basic wage $\times 1.5$ | $= 74.5 \times \$9.00 \times 1.5$ |
| $(b)(y)/(a + b)(1.5) +$ | OT hours' differential $\times 1.5$ | $= 74.5 \times \$1.06 \times 1.5$ |
| $(b)(y)/(a + b)$ | extra payment equal to | $74.5 \times \$1.06$ |

---

This last is an extra term, which indicates a double payment. It equals $79.20 and indicates that under plaintiffs' formula, Gabriel would receive the base premium earned during the overtime period twice. Thus, plaintiffs' formula would pay Gabriel two and one-half times his premium for overtime hours. This clearly exceeds FLSA § 7's requirement of compensation not less than one and one-half times the regular rate.[16]

**V.**

The court believes that this analysis establishes clearly, if not simply, that the

A. $(a)(z) +$
B. $(a)(y)/(a + b) +$
C. $(b)(z) + (b)(z)(0.5) +$
D. $(b)(y)/(a + b) + (b)(y)/(a + b)(0.5)$

OR,

| | | |
|---|---|---|
| A. $(a)(z) +$ | non-OT hours $\times$ basic rate | |
| B. $(a)(y)/(a + b) +$ | non-OT portion of premium | |
| C. $(b)(z)(1.5) +$ | OT hours $\times$ times basic rate $\times 1.5$ | |
| D. $(b)(y)/(a + b)(1.5)$ | OT portion of premium $\times 1.5$. | |

This is exactly the same as the previous formula.
Remembering from above that "$z + [y/(a + b) ]$" is the regular rate per hour, it becomes equally clear that from the last two terms above, that is:
C.$(b)(z)(1.5) +$ D.$(b)(y)/(a + b)(1.5) = (1.5)(b)\{z + [y/(a + b]\}$ that the regular rate is being paid at 1.5 times the overtime hours.

16. That the government's formula does not result in the extra payment may also be shown algebraically as follows:
Government's formula is:

| | |
|---|---|
| A. $(a + b)z +$ | 160 hours at $9 |
| B. $y$ | total premium of $170.10 |
| C. $(0.5)(b)\{ [ (a + b)(z) + y]/(a + b)\}$ | 74.5 hours times half regular rate |

1. Applying mathematical laws of factoring, the plaintiffs' formula also may be expressed as:
A. $(a)(z) + (b)(z)$
B. $(a)(y)/(a + b) + (b)(y)/(a + b)$
C. $(b)(a + b)(z)/(a + b)(0.5) + (b)(y)/(a + b)(0.5)$

2. Fractions being partly reduced, this becomes:
A. $(a)(z) + (b)(z) +$
B. $(a)(y)/(a + b) + (b)(y)/(a + b) +$
C. $(b)(z)(0.5) + (b)(y)/(a + b)(0.5)$

3. Rearranging these some:

formula for overtime stated in 5 C.F.R. § 551.512 conforms to overtime requirements under FLSA. Other cases that have dealt with overtime for federal firefighters and law enforcement agents also have come to the same conclusion. *Zumerling v. Devine,* 769 F.2d 745, 752–53 (Fed.Cir. 1985); *Alexander v. United States,* 1 Cl.Ct. 653, 657–58 (1983).[17] On this basis, the court concludes that defendants are entitled to summary judgment that the "GSA's Claimed Proper Overtime Pay, Based on the Governing Regulations at 5 C.F.R. 55[1].512(a)" as shown on page three of the parties' stipulation, when added to payment of (1) the basic or straight time wage for nonovertime hours and (2) payment of the whole Sunday and night premium amount results in FPO Gabriel receiving overtime payments that conform to Section 7 of the Fair Labor Standards Act. Plaintiffs' cross motion for summary judgment must be denied.

---

**17.** Plaintiffs' try to distinguish *Zumerling* on the ground that the firefighters in the case earned an annual premium intended to compensate them for their unusual work hours. This annual premium is assumed to be earned during all hours worked. This is no basis for treating plaintiffs' differently. In defining regular rate in FLSA § 7(e) has also decided to treat plaintiffs' Sunday and night premiums as if earned equally in all hours of work. Therefore, plaintiffs are no different from the firefighters.

It is, however, important to mention the key difference between most of the cases arising under § 7(k) and the matter before the court. In almost all the other cases, the federal employees challenged the computation of the regular rate. In addition to *Zumerling* and *Alexander, see, e.g., LaForte v. Horner,* 833 F.2d 977, 981–83 (Fed.Cir.1987); *Slugocki v. United States,* 816 F.2d 1572, 1578 (Fed.Cir.1987); and *Wheeler v. United States,* 9 Cl.Ct. 579 (1986). Plaintiffs have not done so here. The only issue plaintiffs dispute here is whether the government's formula results in plaintiffs receiving one and one-half times their regular rate.