935 F.2d 1174
 30 Wage & Hour Cas. (BN 774, 119 Lab.Cas. P 35,532
 Lillie E. PARKER, Bessie H. Rowland, Carter G. Dunlap,
Cynthia Jones, and other similarly situated
individuals, Plaintiffs-Appellants,
v.
Gwendolyn KING, Commissioner, Social Security
Administration, and Louis W. Sullivan, Health and
Human Services, Defendants-Appellees.
 No. 89-8540.
 United States Court of Appeals,
Eleventh Circuit.
 July 12, 1991.
 
 Gregory O'Duden, Asst. Counsel, Nat. Treasury Employees Union, Clinton W. Wolcott, Kerry L. Adams, Nat. Treasury Employees, Elaine Kaplan, Deputy Director of Litigation, H. Stephan Gordon, Gen. Counsel, Nat. Federation of Federal Employees, Washington, D.C., Alice Bodley, Deputy Gen. Counsel, Washington, D.C., Marcia Fishman, Asst. Gen. Counsel, Nat. Treasury Employees Union, Atlanta, Ga., for plaintiffs-appellants.
 Robert L. Barr, Jr., U.S. Atty., Atlanta, Ga., Sharon D. Stokes, Asst. U.S. Atty., Mary Mitchell Armstrong, Office of Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before EDMONDSON, Circuit Judge and HILL* and HENDERSON, Senior Circuit Judges.
 HILL, Senior Circuit Judge:
 
 
 1
 Appellants, employees of the Social Security Administration, contend that the district court for the Northern District of Georgia has jurisdiction over their claim for overtime violations by virtue of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. Appellants assert that since they invoked the jurisdiction of the district court under the "federal question" statute, 28 U.S.C. Sec. 1331, as well as under the "Little Tucker Act," 28 U.S.C. Sec. 1346(a)(2), this court has jurisdiction to hear their appeal. Appellees, by contrast, characterize appellants' allegations as claims arising solely under the Little Tucker Act, and therefore insist that only the Federal Circuit Court of Appeals has jurisdiction to hear this appeal. We agree with appellees, and transfer this appeal to the United States Court of Appeals for the Federal Circuit.BACKGROUND
 
 
 2
 Four employees of the Social Security Administration began this action in 1987, on behalf of themselves and similarly situated employees, seeking reimbursement for alleged overtime violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. ("FLSA"). All four of the original plaintiffs reside in the Northern District of Georgia. A fifth named plaintiff, a resident of Illinois, joined the suit by amended complaint. In addition, approximately 1300 plaintiffs from across the country have filed consents to opt in as party plaintiffs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. Sec. 216(b).
 
 
 3
 Plaintiffs endeavored to invoke the jurisdiction of the district court under the "federal question" statute, 28 U.S.C. Sec. 1331, as well as under the "Little Tucker Act," 28 U.S.C. Sec. 1346(a)(2). As the appellants note, the FLSA allows suits to recover overtime liability against any public agency, including the United States or any federal agency, "in any Federal or State court of competent jurisdiction." 29 U.S.C. Sec. 216(b). The FLSA permits employees to sue on behalf of themselves and of other similarly situated employees, who may become party plaintiffs by issuing their written consent. 29 U.S.C. Sec. 216(b).
 
 
 4
 Appellees, the government employers of plaintiffs, argue that the Little Tucker Act governs this action. That Act, 28 U.S.C. Sec. 1346(a)(2), gives the district courts original jurisdiction, concurrent with that of the Claims Court, over non-tort statutory civil actions against the United States for claims which do not exceed $10,000 in amount. Appellees also contend, however, that the Little Tucker Act's venue provision, 28 U.S.C. Sec. 1402(a)(1), grants district courts jurisdiction only over the claims of resident plaintiffs.[1] Appellees thus moved that the district court transfer the claims of the non-resident plaintiffs to the United States Claims Court.
 
 
 5
 The district court agreed to transfer the claims of all non-resident plaintiffs to the Claims Court, pursuant to 28 U.S.C. Sec. 1406(a). The court held that the Tucker Act's venue provision, rather than that of the federal question statute, "is applicable to this FLSA action because its jurisdictional basis is premised on Section 1346(a)(2)." The court concluded that the "plain meaning" of the phrase, "where the plaintiff resides," at least as used in the Little Tucker Act's venue provision, requires that all plaintiffs reside in the district where they bring their claim. The district court thus granted the appellees' motion to transfer "this action to the United States Claims Court pursuant to 28 U.S.C. Sec. 1406(a)," as soon as the resident plaintiffs informed the court whether they wished to remain in the Northern District of Georgia, or accept transfer to the Claims Court with their fellow plaintiffs.
 
 
 6
 In May, 1989, before it had actually transferred any claims, the district court granted the appellants' unopposed request for interlocutory certification of its order. The appellants then petitioned for permission to appeal from the transfer order. The government objected to the petition for permission to appeal, asserting that the United States Court of Appeals for the Federal Circuit, rather than this Circuit, had appellate jurisdiction over this matter. In July, 1989, this Court granted interlocutory review, pursuant to 28 U.S.C. Sec. 1292(b).
 
 
 7
 Within days after oral argument on the interlocutory appeal, the Federal Circuit issued an en banc opinion in Carter v. Gibbs, 909 F.2d 1452 (Fed.Cir.1990), cert. den. --- U.S. ----, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), a case involving issues related to those before us today. In Carter, the Federal Circuit held that the Civil Service Reform Act deprived district courts of subject-matter jurisdiction over the FLSA claims of federal employees, at least when those employees are covered by collective bargaining agreements that permit them to grieve and arbitrate FLSA violations. This court therefore allowed both parties to address this issue by supplemental brief and by additional oral argument.
 
 ISSUES
 
 8
 We must now determine whether we have jurisdiction to hear the appellants' challenge to the district court's order transferring this matter to the Claims Court. Appellants also urge us to consider whether the district court erred in its application and interpretation of the venue provision of the Little Tucker Act, 29 U.S.C. Sec. 1402(a)(1). Appellees, finally, contend that we, like the Federal Circuit, should hold that the Civil Service Reform Act deprives district courts of jurisdiction to hear FLSA claims of federal employees covered by collective bargaining agreements.
 
 DISCUSSION
 Jurisdiction:
 
 9
 Today we consider the Little Tucker Act in tandem with the FLSA and 28 U.S.C. Sec. 1331, the "federal question" statute, in order to resolve whether the latter provisions suffice by themselves to confer jurisdiction on the federal courts. In short, we must now resolve whether the Tucker Act provides the sole basis for a court to hear an FLSA claim against the federal government.
 
 
 10
 In Zumerling v. Devine, 769 F.2d 745 (Fed.Cir.1985), the Federal Circuit rejected the plaintiffs' claims that the district court had jurisdiction over their overtime claims pursuant to the FLSA. The court determined that, although the FLSA defined the plaintiffs' cause of action, the Tucker Act provided the court with jurisdiction to hear these claims against the federal government. Similarly, in Graham v. Henegar, 640 F.2d 732 (5th Cir.1981), the Fifth Circuit determined that the Tucker Act alone provided it with jurisdiction to hear the plaintiffs' FLSA claims, even though the plaintiffs had asserted both 28 U.S.C. Secs. 1331 and 1337 as independent jurisdictional grounds for their claims.
 
 
 11
 After the Fifth and Federal Circuits' decisions in Zumerling and Graham, however, the Supreme Court, at least ostensibly, rejected the notion of exclusive Tucker Act jurisdiction over claims against the government. In Bowen v. Massachusetts, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988), the Supreme Court appeared to dispel the notion of the Claims Court's exclusive jurisdiction over Little Tucker Act claims:
 
 
 12
 It is often assumed that the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000.... That assumption is not based on any language in the Tucker Act granting such exclusive jurisdiction to the Claims Court. Rather, that Court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.
 
 
 13
 Bowen v. Massachusetts, 108 S.Ct. at 2740, n. 48.
 
 
 14
 Despite this language, we conclude that Bowen does not overturn previous authority establishing the Tucker Act as the exclusive jurisdictional basis for FLSA claims against the government. In Bowen, the Supreme Court held that the federal district court, rather than the Claims Court, had jurisdiction to review a final order of the Secretary of HHS refusing to "reimburse" a state for a category of expenditures under the State's Medicaid program. In essence, the Court determined that the state did not have an adequate remedy in the Claims Court since its claim was not one for "money damages." Instead, the state sought declaratory and injunctive relief, together with payments for estimated future expenditures. As the Supreme Court noted, in such a case the Claims Court might prove an inadequate forum for review of a disallowance claim; the Claims Court does not have the equitable powers of a district court to grant prospective relief. Bowen, 108 S.Ct. at 2737-38.
 
 
 15
 It is clear that Congress enacted the Little Tucker Act as the primary vehicle for adjudicating monetary claims against the government. Through the Little Tucker Act, 28 U.S.C. Sec. 1491, Congress conferred on the United States Claims Court:... jurisdiction to render judgment founded upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....
 
 
 16
 As a rule, specific provisions controlling suits against the government should govern over general ones. Brown v. General Services Administration, 425 U.S. 820, 824, 96 S.Ct. 1961, 1963, 48 L.Ed.2d 402 (1976). In this case, Congress has enacted the Little Tucker Act as the specific means of suing the government for monetary damages, and we agree with appellees that appellants' claims actually arise under that Act. As the district court of the District of Columbia has also concluded, the Little Tucker Act, rather than the FLSA, more easily accommodates the sort of allegations that the appellants present today:
 
 
 17
 First ... the FLSA does not vest jurisdiction in a particular court.
 
 
 18
 * * * * * *
 
 
 19
 Second, the legislative history of the FLSA amendments of 1966, which added the "any court of competent jurisdiction" language quoted above, indicates that the purpose for adding that language was not to supplant the Tucker Act, but rather to allow state and local employees to bring FLSA claims in federal court
 
 
 20
 ....
 
 
 21
 Third, the language of the Tucker Act is all-inclusive.... Absent a specific Congressional grant of jurisdiction in a particular court ... the Tucker Act applies to any claim brought against the United States.
 
 
 22
 Brooks v. Weinberger, 637 F.Supp. 22, 24 (D.D.C.1986). We therefore hold, as the district court in Brooks also concluded, that "jurisdiction for claims to recover compensation for violations of the Fair Labor Standards Act rests in the federal courts by virtue of the Tucker Act." Brooks, 637 F.Supp. at 24.
 
 
 23
 As one of the regional appellate courts, we have the authority to determine the limits of our own jurisdiction:
 
 
 24
 Well-established among the jurisdictional powers of all appellate courts is the inherent power to determine for themselves, within the bounds of the law-of-the-case doctrine, whether they have subject matter jurisdiction over an appeal before them.
 
 
 25
 . . . . .
 
 
 26
 The existence, vel non, of jurisdiction is necessarily an integral part of every case, but that is not to say that only the court having such jurisdiction is anointed to declare the existence or absence of jurisdiction.
 
 
 27
 Smith v. Orr, 855 F.2d 1544, 1552, 1549 (Fed.Cir.1988). Today we determine that we have no jurisdiction to hear the merits of an appeal based, as we have established, on allegations which derive solely from the Little Tucker Act.
 
 
 28
 Since we have resolved that the district court's jurisdiction over these claims derives solely from the Little Tucker Act, the Federal Circuit must hear this appeal. See, e.g. United States v. Hohri, 482 U.S. 64, 107 S.Ct. 2246, 2252, 96 L.Ed.2d 51 (1987) (Congress has established "exclusive Federal Circuit jurisdiction over every appeal from a Tucker Act or nontax Little Tucker Act claim.") (emphasis in original). We therefore transfer this appeal to the Federal Circuit. While it appears from its opinion in Carter v. Gibbs, 909 F.2d 1452 (Fed.Cir.1990), cert. den. --- U.S. ----, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990), that the Federal Circuit may have already determined the consequences of this appeal, that Circuit remains free to decide these issues, including the issue of venue, in the manner it deems appropriate.
 
 CONCLUSION
 
 29
 For the foregoing reasons, we TRANSFER this appeal, and hereby direct the Clerk to forward certified copies of documents filed in this Court of Appeals, including the briefs, together with this Order and the record from the district court, to the Clerk of the United States Court of Appeals for the Federal Circuit.
 
 
 30
 TRANSFERRED.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 [1]
 None of the individual claims involved herein exceeded $10,000 in amount. The district court therefore clearly had original jurisdiction over the claims of the resident plaintiffs under the Little Tucker Act